**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4347**

─────────────

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

DANTE FOSTER, a/k/a Donte Foster,

           Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William D. Quarles, Jr., District
Judge.  (1:12-cr-00319-WDQ-1)

─────────────

Submitted:  March 28, 2014        Decided:  April 7, 2014

─────────────

Before MOTZ, KING, and DIAZ, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Gary E. Proctor, LAW OFFICE OF GARY E. PROCTOR, LLC, Baltimore,
Maryland, for Appellant.   Rod J. Rosenstein, United States
Attorney, Michael C. Hanlon, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dante Foster appeals the district court's judgment sentencing him to 174 months' imprisonment for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (2012), and possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (2012). On appeal, Foster argues that the district court improperly used a prior Maryland state court conviction to enhance his criminal history category. He also argues that the district court's sentence is procedurally unreasonable because the court failed to explain its reasons for overruling his objection to the 1994 conviction. For the reasons that follow, we affirm.

Foster argues that his state conviction was obtained without the assistance of counsel in violation of the Sixth Amendment. When a defendant challenges a prior conviction on this ground, he bears the burden of showing the invalidity of the prior conviction. United States v. Collins, 415 F.3d 304, 316 (4th Cir. 2005). The defendant must overcome a presumption that the state court informed him of his right to counsel as it was required to do, and that, if he was not represented, it was because he waived his right to counsel. See Parke v. Raley, 506 U.S. 20, 28-34 (1992). We review de novo the district court's ruling on a claim that a prior conviction is invalid for lack of

2

counsel.  <u>United States v. Hondo</u>, 366 F.3d 363, 365 (4th Cir. 2004).

Foster relies upon his unsworn statement at sentencing that his prior conviction was obtained without counsel and the presentence report's ("PSR") statement that "attorney representation was unknown" as to the prior conviction.  The statement in the PSR has no impact on the presumption of regularity accorded to prior convictions, and we have previously held that the "self-serving testimony of the defendant" is generally not sufficient to overcome that presumption.  <u>United States v. Jones</u>, 977 F.2d 105, 111 (4th Cir. 1997).  This case proves no exception.  We therefore conclude that Foster has failed to prove the invalidity of his prior state conviction.

Foster's argument that the district court was required to more fully explain its reasons for rejecting his argument also fails.  We find that the district court's handling of this matter, while sparse, was not erroneous.

Accordingly, we affirm the judgment below.  We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED